UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

THAVONE SANTANA and ARRIE SPENCER,        Civil Action No. 19-cv-211
                                                              (LDH) (RER)

                 Plaintiffs,

                                                           **FIRST AMENDED
COMPLAINT**

         -against-

                                                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, SGT. RITCHARD BLAKE
and POLICE OFFICERS JOHN DOES #1-3,

                           Defendants.
-----------------------------------------------------------------------X

Plaintiffs Thavone Santana and Arrie Spencer, by and through their attorneys, The

Aboushi Law Firm, PLLC, allege upon knowledge, information and/or belief as follows:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiffs Thavone Santana and his mother Arrie Spencer bring this action for
   compensatory damages, punitive damages and attorney's fees for violations of their
   rights, privileges and immunities secured by 42 U.S.C. §1983, the Fourth and Fourteenth
   Amendments of the united States Constitution and the Constitution and laws of the State
   of New York.

2. Acting jointly and severally, the Defendants engaged in conduct, which resulted in
   former NYPD Sergeant Ritchard Blake shooting Plaintiff, Thavone Santana in his face
   causing mental, physical and emotional damage.

<u>**JURISDICTION AND VENUE**</u>

3. Venue is proper and the Court has jurisdiction over this action because Plaintiffs reside in
   County of Kings and the actions giving rise to the complaint occurred in Kings County.

4. On or about the 15th day of August, 2018, and within ninety (90) days after the claim herein arose, the Plaintiffs served a Notice of Claim in writing sworn to on their behalf upon Defendant CITY OF NEW YORK, by delivering a copy thereof in duplicate to the officer designated to receive such process personally, which Notice of Claim advised the Defendant CITY OF NEW YORK, of the nature, time, place, and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

5. On December 06, 2018, the oral examination of the Plaintiff was conducted in compliance with Section 50-H of the General Municipal law.

6. At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

7. All conditions and requirements precedent to the commencement of this action have been complied with.

### JURY DEMAND

8. Plaintiffs demand trial by jury on each and every one of their claims herein.

### PARTIES

9. At all times herein mentioned, Plaintiffs Arrie Spencer and Thavone Santana were and still are residents of the County of Kings, City and State of New York.

10. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of ("City") the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to

2

perform all ("NYPD") functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

12. That at all times hereinafter mentioned, the Defendant RITCHARD BLAKE ("Blake"), was employed by the City and NYPD as a sergeant and is a resident of Kings County. At all times relevant to the facts of the complaint, Defendant Blake was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacity.

13. That at all times hereinafter mentioned, the Defendant and Police Officer JOHN DOES #1-3, were Police Officers employed by the City and NYPD. At all times relevant to the facts of the complaint, Defendants John Does #1-3 were acting under color of law and within the scope of their employment by the City. Said Defendants are sued in both their individual and official capacities.

## FACTUAL ALLEGATIONS

14. On August 02, 2018 at approximately 5:00 a.m. Plaintiff Thavone Santana was lawfully on Livonia Avenue in Brooklyn, N.Y. when Defendant Blake shot him in the face.

**Defendant Ritchard Blake**

15. At the time of the incident, Defendant Ritchard Blake was a sergeant with the NYPD.

16. Defendant Blake has a prominent and long history of violence, assaults and was the subject of Internal Affairs investigations for his actions in 2010, 2011 and 2016.

17. Blake's violate behavior warranted his dismissal from the NYPD. However, Defendant City and NYPD instead continued to employ Blake and permitted him to maintain his firearm without training or supervision to prevent another person falling victim to his

actions.

18. On prior occasions Defendant Blake was arrested, found guilty and placed on probation for violently beating his girlfriend.

19. On prior occasions, Defendant Blake was found guilty and reprimanded by the NYPD for interfering with a department investigation and preventing the adjudication of summonses.

20. On prior occasions, Defendant Blake was found guilty and reprimanded by the NYPD for assaulting other persons.

21. The City was aware of Defendant Blake's propensity for the conduct that caused Plaintiff Santana's injuries and nonetheless hired and retained him while also issuing him a firearm.

**The Shooting**

22. At approximately 5:00a.m Plaintiff Santana left his apartment to purchase a charger from a convenient store located on Livonia Avenue in Brooklyn, N.Y.

23. Plaintiff Santana and Defendant Blake encountered each other while walking towards the store.

24. Defendant Blake possessed a New York Police Department issued and sanctioned firearm on his person.

25. Defendant Blake shot at Plaintiff Thavone twice with one of the bullets hitting Plaintiff Santana in the face.

26. Upon information and belief, Defendant Blake believed Plaintiff Santana to be a repudiated gang member.

27. Upon information and belief Defendant Blake believed Plaintiff Santana confronted him

and threatened his life.

28. Upon information and belief, Defendant Blake understood Plaintiff Santana to be engaged in criminal activity in that he believed Plaintiff Santana was trying to steal his cellphone and cause bodily injury to him.

29. Upon information and belief Defendant Blake believed he was required to use excessive force to prevent Plaintiff Santana from committing a crime and/or using deadly force against him.

30. Defendant Blake's use of excessive force was compelled by his obligations as a police officer in order to prevent Plaintiff Santana from committing a serious crime and to protect himself from imminent and probable harm.

31. Said obligations fall within Defendant Blake's duties and obligations of a sergeant with the NYPD.

32. At no time did Plaintiff Santana possess any weapons of any kind nor did he attempt to steal Defendant Blake's cell phone.

**The Attempted Cover-Up**

33. After Defendant Blake shot Plaintiff Santana, instead of calling for an ambulance, he called for backup and identified himself as a police officer.

34. As Plaintiff Santana lay choking on his shattered teeth and blood, Defendant Blake searched his person, found no weapons and then pulled knives out of his back pocket and planted them on Plaintiff Santana's person.

35. Defendant Blake then noticed surveillance cameras and quickly retrieved the weapons he planted.

36. Defendant Blake and Police Officers John Does #1-3 alleged that Plaintiff Santana

attempted to steal Defendant Blake's cell phone.

37. NYPD officers John Does falsely arrested Plaintiff Santana and handcuffed him as he lay in a stretcher while being transported to the hospital and remained handcuffed while at Brookdale Hospital.

38. NYPD Commissioner James O'Neill reviewed the surveillance video and publicly stated it was "extremely disturbing" and confirmed that no firearm was recovered.

39. Within hours, Defendant Blake was terminated from the NYPD.

**After The Shooting**

40. Plaintiff Santana's mother, Arrie Spencer, received several telephone calls that her son had been shot.

41. Scared, panicked and upset, Plaintiff Spencer raced to the location where her son had been shot. Law enforcement surrounded her son and refused to give her any information as to what happened.

42. Plaintiffs Santana and Spencer have endured emotional and mental trauma and injury as a result of Defendants' actions.

43. Prior to the assault, Plaintiff Santana assisted his mother in caring for his seven younger siblings, the youngest of which is six years old.

44. Plaintiffs Santana and Spencer cared for their family by alternating child-care while the other worked.

45. Plaintiff Santana was heavily involved in his siblings' lives including getting them ready for school, helping with homework and providing emotional and mental support to them.

46. After the assault, Plaintiff Santana no longer maintains the same relationship with his siblings due to the inability to be there for them.

47. Plaintiff Spencer could no longer work because she is taking care of Thavone during his hospitalizations and recovery thereby causing her monetary damages.

48. Plaintiff Santana was hospitalized for several weeks in critical condition.

49. Plaintiff Spencer stayed by her son's bedside for several weeks learning how to clean his tracheal tube, injecting nourishment through the feeding tube protruding from his stomach and clean fluid leaking from the wires in his mouth.

50. Plaintiff Santana underwent multiple substantial surgeries and will require additional surgeries in the future.

51. A bullet remains lodged in Plaintiff Santana's neck because of its proximity to his spine.

52. Plaintiff Santana currently receives the majority of his nutrients through his feeding tube.

53. Plaintiffs' have an eternal reminder of the morning that changed their lives for the worst- forever.

**The City's History of Deliberate Indifference to Substance Abuse By Its Police Officers**

54. The City of New York and the NYPD maintain longstanding policies, procedures and practices that proximately caused the injuries to Plaintiffs Thavone and Spencer.

55. Defendants City and NYPD failed to adequately address the longstanding history of alcohol abuse and violent behavior by off-duty and on-duty police officers.

56. Defendants failed to enact and enforce policies that address the use and misuse of service weapons by police officers that are not fit for duty.

57. The City and NYPD knew, or should have known, that there have been serious deficiencies in the operation of the NYPD training facility, including but not limited to allowing officers on duty to engage in violent behavior, excessive force and interfere with department investigations then failing to not only reprimand them but also failing to

evaluate the physical and mental state of officers to carry a service weapon and be among the public.

58. Defendant City of New York, as a matter of policy and practice has, with deliberate indifference failed to adequately discipline, train and otherwise direct police officers, including Defendant Blake and Police Officers John Does #1-3, with regard to the consumption of alcohol off and on-duty and employ adequate policies and procedure that address NYPD alcohol consumption and use of force, thereby causing Defendant Ritchard Blake to engage in the unlawful conduct complained of herein without consequence.

59. Defendant New York City, as a matter of policy and practice, has with deliberate indifference failed to properly investigate the background, beliefs and attitudes of prospective police officers in order to ensure it hires only police officers that respect and honor the constitutional rights of individuals, thereby causing police, including Ritchard Blake and Police Officers John Does #1-3 to engage in the unlawful conduct complained of herein.

**The City's History of Deliberate Indifference To The Use Of Excessive Force By Its Police Officers**

60. Defendant City of New York failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, harassment, negligence, and collective violation of the Plaintiffs' rights.

61. The individual Defendants acted under color of law pursuant to an official policy or custom and practice of the Defendant City of New York and NYPD and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the Constitutional violations alleged above in violation of the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and/or New York.

62. Defendant City of New York and NYPD had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiffs' rights, failed or refused to prevent their commission and/or omission.

63. Defendant City of New York and NYPD, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendant police officers named herein including that of Defendant Ritchard Blake.

64. Moreover, Defendant City of New York and NYPD knew there was and still is a general problem of Police Officers being untruthful and a general failure to remove firearms from the possession of police officers with a history of violent behavior.

65. Defendant City of New York and NYPD knew the glaring need for training within the NYPD regarding these issues; specifically noting that Defendant Blake's behavior became increasingly violate nonetheless, the Defendant City of New York and NYPD

refused to properly train its officers and failed to properly investigate and discipline instances of police misconduct like that of Defendant Ritchard Blake.

66. In addition, the failure to train the Defendant Officers in these areas is tantamount to the Defendant City of New York and NYPD's deliberate indifference to these rights.

67. Defendant City of New York and NYPD have a policy and practice of not disciplining officers if they are found to have violated a citizen's constitutionally protected rights and immunities, thereby empowering its officers to engage in egregious conduct.

68. This deliberate indifference to citizens' rights is a proximate cause of Plaintiffs' injuries.

69. Had Defendant City of New York and NYPD properly trained, supervised, monitored and disciplined its officers, or at a minimum revoked Defendant Blake's service weapon when he was found guilty of committing multiple offenses, Plaintiffs' rights would have been violated.

70. Had Defendant City of New York and NYPD employed a meaningful Internal Affairs Bureau, rather than employing one that shields and insulates officers from liability, then perhaps the Defendant officers here would not have felt they have the freedom to willfully and purposely violate the Plaintiffs' rights without any regard for consequences.

71. The failure to correct or cull the unlawful activities of these Defendant officers as exposed by previous complaints caused Plaintiffs' injuries here, as the officers acted in a cavalier manner due to the fact that they knew there would be no consequences for their action.

72. Plaintiffs Thavone and Spencer have suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

73. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer

10

demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fourth and Fourteenth Amendments under 42 U.S.C. §1983 and New York State Constitution**

74. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. At the time of the incident complained of herein, Defendants Ritchard Blake and Police Officers John Does #1-3 were employees of the Defendant City of New York.

76. The acts, omissions and conduct of the Defendants Ritchard Blake and Police Officers John Does #1-3 were done under the color of state law and in furtherance of their duties as police officer of the NYPD.

77. The acts, omissions and conduct of the Defendants Ritchard Blake and Police Officers John Does #1-3 deprived Plaintiffs of their rights, privileges and immunities under the laws and constitution of the United States and State of New York including the right to be secure in his person and property, the right to be free from physical and mental abuse, excessive force, malicious conduct, unreasonable seizures and to due process of law.

78. As a result of the above constitutionally impermissible conduct, the individual Defendants deprived Plaintiffs of their rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983 and the constitution of the State of New York.

79. Plaintiffs Thavone and Spencer have suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

80. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer

demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Monell Claims for Municipal Liability Against Defendant City of New York

81. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff Santana the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Plaintiff Santana guaranteed by 42 U.S.C. *§ 1983* and by the Fourth and Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York against illegal seizure, physical abuse, detained custody and other due process violations.

83. The Defendant City of New York, which governs, controls, operates, manages, supervises, and created the NYPD has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses, use of excessive force, false arrest, false reporting and tainted investigating of persons by its police officers, detectives, and law enforcement agents.

84. Although improper, said police conduct and incidents are routinely covered up by the City of New York, its agents, employees and servants by official claims that the officers' use of excessive force, harassments, and false imprisonments were justified and proper, or reporting false claims against the victim, so as to insulate the offending police officers and other officials.

12

85. The City of New York's and the NYPD have been the subject of hundreds of federal and state lawsuits and complaints alleging violations of individuals constitutional rights as a result of the policy, practice of condoning the excessive use of force by its police officers, and in allowing it Police officers, such as Defendant Officers herein to make false statements against innocent individuals.

86. For examples of similar lawsuits filed against the City of New York alleging excessive force involving police shooting   incidents,   see, *inter   alia: Nicole Paultre Bell, et al. v. The City of New York, et al.,* Case No. CV07 2994; *Dexter M. Brown v. City of NY,* Case No. 7003/99; *Jerell Chappell v. The City of New York,* Case No. 544/06; *Margarita Rosario v. City N. Y.,* Case No. 25092/95; *John Holloway v. City of NY,* Case No. 12525/03; Robert Borrelli et al v. City of New York et al Civil Action No. 15cv5841; *Malcolm Ferguson v. City N.Y.,* Case No. 18951/01; *Phyllis V. Clayburne v. City of New York,* Case No. 32987/04; *Salimata Sanfo v. New York City Police Department,* Case No. 1760cv04; *Michael Zito v. City of New York,* Case No. 14732/99; *Raymond B. Murray v. City of New York,* Case No. 13644/96; *Franklyn Waldron v. City of NY,* Case No. 25179/00; *Campos Vs. City of New York,* Index No. 108667-96; *Regina Garcia, v. Michael O'Keefe, et al.,* Case No. 116492/93; *Darryl Barnes v. City of New York,* Case No. 23752/91; *Thomas Cusanelli v. New York City Transit Authority,* Case No. 121242/95; *Christopher Nevin v. City of New York,* Case No. 17962/92; *Jason Rodriguez v. City of New York,* Case No. 17422/96; *Hector and Angelo Garcia v. City of New York,* Case No. 14647/92; *Alberto Castro v. City of New York,* Case No. 119140/93; *Darryl Barnes v. City of New York,* Case No. 23752/91; *Argenio vs. City of New York, et al.,* Index No. 117269/94; *Elsie Diaz v. City*

*of New York,* Case No. 17731/85; *Regina Argenio v. City of New York,* Case No. 117269/94; *Bastion vs. City of New York,* Index No. 013735/90; *Beebe Vs. City of New York,* Index No. 3248/92; *Papa v. City of New York,* No. 15695/86.

87. There is a long history of incidents caused by intoxicated New York Police Officers including:

    a) April 2014: A man shot at by a drunken NYPD officer in Pelham in 2014 said Tuesday that the department's culture of drinking enabled a sloshed off-duty cop's recent deadly drunk-driving crash in Brooklyn. https://www.nydailynews.com/new-york/nyc-crime/man-shot-drunk-nypd-booze-culture-enabled-car-crash-article-1.2717584;

    b) July 03, 2018: An off-duty NYPD officer has been arrested in Brooklyn after getting into a crash, punching a person in the face and attempting to flee. https://pix11.com/2018/07/03/intoxicated-off-duty-cop-punches-civilian-flees-crash-nypd/;

    c) July 04, 2018: An NYPD lieutenant was busted on a DWI charge in Queens early Wednesday after he crashed into a parked car. https://nypost.com/2018/07/04/nypd-lieutenant-arrested-for-drunk-driving-after-crash/;

    d) July 13, 2018: An off-duty NYPD cop drunkenly crashed his car into another vehicle in Brooklyn — then punched the good Samaritan who tried to stop him from fleeing. https://nypost.com/2018/07/03/drunk-off-duty-cop-crashed-car-punched-good-samaritan-nypd/;

    e) November 2018: two off duty NYPD officers were arrested for fleeing the scene of a collision they caused while driving under the influence of alcohol. https://nyc.streetsblog.org/2018/11/16/two-cops-arrested-for-drunken-hit-and-runs-in-as-many-days/;

    f) November 2018: A food delivery guy chased down a drunk off-duty cop who plowed into him in Manhattan on Friday — and sat on her car to stop her from fleeing, according to him and police. https://nypost.com/2018/11/16/how-a-food-delivery-guy-helped-catch-drunk-driving-off-duty-cop/; and

    g) November 15, 2018: An off-duty NYPD cop added to his arrest record Thursday when he was busted on a charge of fleeing a drunk-driving crash that slightly injured a woman. https://www.nydailynews.com/new-york/nyc-crime/ny-metro-drunk-cop-strikes-pedestrian-20181115-story.html;

88. The acts and omissions of the Defendants City of New York deprived Plaintiffs of their rights, privileges and immunities under the laws and constitution of the United States including the right to be secure in his person and property, to be free from physical and mental abuse, excessive force, malicious conduct, unreasonable seizures and to due process of law.

89. Plaintiffs were deprived of their freedom(s) and physically and emotionally harmed, to the extent of which they suffered from permanent injuries, emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, loss of employment, depression, sleeplessness, anxiety, and related emotional distress.

90. As a result of the above constitutionally impermissible conduct, the individual Defendants deprived Plaintiffs of their rights secured by the Fourth and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

91. Plaintiffs Santana and Spencer have suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

92. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Supervisory Liability under 42 U.S.C. §1983

93. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

94. Defendant John Does #1-3 supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the New York Police Department with oversight responsibility for training, hiring, screening,

instruction, supervision and discipline of Defendant Blake and Police Officers John Does #1-3 who deprived Plaintiffs of their clearly established constitutional rights.

95. Defendant Police Officers John Does #1-3 and John Doe supervisory police officers were personally involved in both the deprivation of Plaintiffs' constitutional rights and in creating or condoning the policy or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

96. Defendant Police Officers John Does #1-3and John Doe Supervisory Police Officers were reckless in their failure to supervise Defendant Blake, and John Doe Police Officer Defendants, and either knew or should have known that Defendant Blake was using excessive force or that such acts were so egregious that said supervisors should have known that such conduct would occur.

97. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of Defendant Blake and John Doe Defendants against Plaintiffs was likely to occur especially in light of the Defendants' knowledge of the Internal Affairs' history of Defendant Blake's violent past.

98. The failure of these supervisory Defendants to train, supervise and discipline Defendant Blake and John Doe Police Officers amounted to gross negligence, deliberate indifference or intentional misconduct, which directly caused the injuries and damages, set forth above.

99. Moreover, the John Doe supervisory officers knew of officers fabricating scenarios to hide the truth in an effort to protect themselves and their fellow officers.

100. The John Doe supervisory officers encouraged and facilitated Defendant Blake and each other John Doe officers to blatantly lie about Plaintiff Santana having a weapon and his

16

attempt rob Defendant Blake's cell phone and through their actions and inactions communicated that Defendant Blake and Police Officers John Does #1-3 could violate the law and NYPD policies without consequence or accountability.

101. Plaintiffs Santana and Spencer have suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

102. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**

103. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

104. The acts and omissions of the individual Defendants were performed under the color and within the scope and in furtherance of their employment.

105. The aforementioned conduct of all Defendants, especially that of Defendant Blake, was extreme and outrageous and exceeded all reasonable bounds of decency.

106. The aforementioned conduct was unnecessary, intentional and done fore the sole purpose of causing severe emotional distress to Plaintiff Thavone Santana.

107. Plaintiff Santana has suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

108. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**Failure to Train, Negligent Hire, Supervision and Retention, Respondeat Superior**

109. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

110. Defendant City of New York and Defendant Blake were in an employee-employer relationship in that Defendant Blake was employed as a sergeant with the NYPD.

111. Defendants knew to a moral certainty that its employees would confront a given situation- particularly situations such as preventing the commission of a crime and preventing bodily harm.

112. A police apprehending a person s/he believes is committing a crime, as Defendant Blake believed, is a difficult situation that training or supervision would have made less difficult- especially in light of Defendant Blake's repeated history of violence.

113. Defendant City of New York knew or should have known of Defendant Blake's propensity to commit harm upon Plaintiffs including the use of excessive force based upon Defendant Blake's history of violent behavior that warranted his termination from the NYPD and Defendant City of New York's failure to take action constitutes deliberate indifference.

114. Defendant Blake violated Plaintiffs rights under the United States and New York State Constitutions using Defendant City of New York's NYPD issued and sanctioned firearm.

115. Defendants failed to use reasonable care in the hiring and retention of the employees who caused Plaintiff Thavone Santana to be severely physically harmed and for him and Plaintiff Arrie Spencer to be mentally and emotionally damaged.

116. Defendants City of New York and NYPD failed to train and adequately supervise its

Officers so as to prevent the violation of Plaintiffs' rights including excessive force, assault and battery as described above.

117. But for Defendants City of New York and NYPD issuance of a department-sanctioned firearm, Defendant Blake would not have shot Plaintiff Santana in the face causing him irreparable injury.

118. But for Defendants City of New York and NYPD failing to terminate Defendant Blake's employment upon his multiple violations and criminal activities Plaintiff would not have been injured.

119. Defendants City of New York and NYPD are responsible for the actions of their employees, the Defendants officers, because the lack of training and supervision ensured employees, such as Defendant Blake, would take actions that would deprive citizen of his constitutional rights.

120. The foregoing acts, omissions and systematic failures are customs and policies of the City of New York and NYPD.

121. Defendants failed to use reasonable care in the training and supervision of the aforesaid employees who caused Plaintiffs to be harmed.

122. Defendant City of New York was negligent in that prior to and at the time of the acts complained herein, due to the prior history of Defendant Blake, knew or should have known the negative and alarming disposition and propensity of Defendant Blake to commit such acts as his behavior became increasingly violent with each victim.

123. Defendant City of New York had knowledge of facts that would put a reasonably prudent employer on inquiry concerning Defendant Blake's negative and alarming disposition and the fact that the Defendant Officers were not suitable to be hired and

employed by the City of New York and NYPD, and that due to their lack of training, Defendant Officers should have had adequate supervision and training so that they would not perpetrate the actions described above. Thus, the Defendant City is liable for the negligent hiring and supervision, failure to train, and Respondent Superior.

124. Plaintiffs Santana and Spencer have suffered severe and permanent physical, psychological, emotional and mental injuries as a result of the Defendants' actions.

125. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**SIXTH CLAIM FOR RELIEF**
**Assault and Battery Against Defendant Blake**

126. Plaintiffs repeat, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

127. The acts of Defendant Blake were intentional, malicious and were committed with wanton disregard for the Plaintiffs' rights.

128. Defendant Blake intentionally placed Plaintiff Santana in fear of imminent and offensive contact.

129. Defendant Blake's actions were unreasonable, unwarranted and constituted use of excessive force.

130. Defendant Blake committed these acts without legal justification or consent of the Plaintiff.

131. Defendant Blake intentionally made bodily contact with Plaintiff Santana that was offensive and caused Plaintiff Santana severe and permanent physical and psychological

injuries.

132. As a result of Defendants' conduct, Plaintiffs Thavone Santana and Arrie Spencer demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**SEVENTH CLAIM FOR RELIEF**
**Loss of Services On Behalf of Arrie Spencer**

133.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

134. At all times hereinafter mentioned, Plaintiff Arrie Spencer is the Mother and Natural Guardian of Plaintiff Thavone Santana, resided with him and is entitled to his services, society comfort, financial support, love and affection.

135. The Defendants collectively violated Plaintiff Thavone Santana's constitutional rights resulting in his permanent and severe physical injury, and thus Plaintiff, Arrie Spencer has been deprived of the services, society comfort, love, financial support and affection from her son, and has suffered both emotional and monetary damages as a result thereof.

136. As a result of the foregoing, Plaintiff, Arrie Spencer as Mother and Natural Guardian demands judgment on behalf of herself against the Defendants collectively for loss of services, society comfort, financial support, love and affection from her son.

137. As a result of Defendants' conduct, Plaintiff Arrie Spencer demands judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**EIGHTH CLAIM FOR RELIEF**
**Punitive Damages**

138. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

139. The acts of the individual Defendants were willful, wanton, malicious, and oppressive and were motivated solely by the desire to harm Plaintiffs without regard for their well-being and were based on a lack of concern and ill-will towards Plaintiffs Thavone Santana and Arrie Spencer. Such acts therefore warrant an award of punitive damages.

## RELIEF REQUESTED

**WHEREFORE**, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

A. Empanel a jury;

B. Award appropriate compensatory damages in an amount to be determined at trial for each cause of action stated herein;

C. Award appropriate punitive damages in an amount to be determined at trial for each cause of action stated herein;

D. An award of the costs and expenses of this action including attorney's fees to the Plaintiffs pursuant to 43 U.S.C. §1988; and

E. Any such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 14, 2019

**THE ABOUSHI LAW FIRM PLLC**

By: _____s/_____
    Tahanie A. Aboushi, Esq.
    *Attorneys for Plaintiff*
    1441 Broadway, Fifth Floor
    New York, New York 10018
    Telephone: (212) 391-8500
    Facsimile: (212) 391-8508
    Email: Tahanie@Aboushi.com